CAUSE NO. C-3241-16-B

| | | |
|---|---|---|
| JESUS CANTU and ROSA CANTU, | § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| vs. | § | ___ JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| *Defendant* | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PLAINTIFFS, JESUS CANTU and ROSA CANTU, (hereinafter referred to as "PLAINTIFFS"), and file this Plaintiffs' Original Petition against DEFENDANT, ALLSTATE TEXAS LLOYDS, and for cause of action would respectfully show the Court the following:

### I. Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFFS intend to conduct discovery under Level 2.

### II. Claim for Relief

Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

### III.

Defendant, ALLSTATE TEXAS LLOYDS (hereinafter referred to as "ALLSTATE"), is a domestic insurance company residing in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at its designated place of service at the following address: CT Corporation System, 1999 Bryant St., Ste. 900,

C-3241-16-B

Dallas, Texas 75201-3136.

ALLSTATE is in the business of insurance in the State of Texas. The insurance business done by ALLSTATE in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFFS;

2. The taking or receiving of application for insurance, including the PLAINTIFFS' application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFFS;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFFS;

5. The adjusting and inspection of PLAINTFFS' insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFFS as being an agent for an insurance company with authority to make coverage decisions.

PLAINTFFS are consumers of DEFENDANT'SS, in that PLAINTIFFS purchased insurance from said entity and/or service to be provided by it. Each Defendant is an individual, individual corporation, association, partnership, or other legal entity engaged in the business of insurance. Such Defendant constitutes a person as that term is defined in Chapter 541.002 of the Texas Insurance Code.

Case 7:16-cv-00661 Document 1-4 Filed in TXSD on 11/18/16 Page 3 of 15

Electronically Filed
7/12/2016 3:27:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3241-16-B

### IV. Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue were issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; Plaintiffs' losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to Plaintiffs' claims and causes of action occurred in HIDALGO County, Texas.

### V. Facts

ALLSTATE and/or its agents committed the actions alleged against PLAINTIFFS in this complaint. PLAINTIFFS own the property located at: 1014 Sage Lane, Edinberg, Texas 78539; Policy No. 000229247460; Claim No. 0387010341. ALLSTATE (hereinafter referred to as "ALLSTATE") provided insurance coverage to PLAINTIFFS for such dwelling, and personal property, as described above. Due to a storm that occurred in HIDALGO County, Texas on March 26, 2015, PLAINTIFFS sustained covered losses in the form of windstorm, hailstorm, and/or water damages resulting therefrom, including damages to the roof, interior, and architectural finishes of the property. Said damages occurred during the term of PLAINTIFFS' insurance policy. As a result, PLAINTIFFS' property sustained damage, including the cost of destruction and restoration of the property necessary to assess and fix the damaged areas.

PLAINTIFFS reported losses to ALLSTATE pursuant to the terms of the insurance policy. Following PLAINTIFFS' claims to ALLSTATE, an adjuster was sent to the property to assess the damage. This inspection proved to be inadequate. Upon his arrival, the adjuster spent a short amount of time on the roof to take pictures, but did not bother go into the attic to look at the entirety of the damages. As such the full extent of

Case 7:16-cv-00661   Document 1-4   Filed in TXSD on 11/18/16   Page 4 of 15

Electronically Filed
7/12/2016 3:27:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3241-16-B

roof damage was not properly inspected. The adjuster then incorrectly assessed the covered, storm damages as uncovered prior, ongoing damage, thus DEFENDANT wrongly denied payment of PLAINTIFFS' claim. The adjuster did not thoroughly review all of the interior damages that PLAINTIFFS attempted to report to him, but rather performed a mere precursory overlook of the property interior. As the full scope of damages were not taken into account, PLAINTIFFS' cost of repair were omitted from the estimate. Further, the adjuster failed to compile a proper estimate, not assessing any of PLAINTIFFS' covered damages. DEFENDANT completely failed to properly investigate PLAINTIFFS' claim, thus any coverage response to the claim was premature.

PLAINTIFFS did however, receive a denial from ALLSTATE in response to their claim. ALLSTATE did not offer any detailed explanation to PLAINTIFFS regarding their coverage or its decision to deny the claim; it simply redacted vague policy language in its reasoning and nothing more. ALLSTATE misrepresented to PLAINTIFFS that the damage was from wear and tear, which PLAINTIFFS knew to be false, as the damages were a result of the March 26, 2015 storm, covered under PLAINTIFFS' policy. Further, it is clear from blank estimate that DEFENDANT did not fully assess PLAINTIFF's damages, and as such, PLAINTIFFS' losses were omitted and undervalued. PLAINTIFFS have no understanding of ALLSTATE's coverage decision as the damages sustained should be fully covered under their insurance policy.

PLAINTIFFS' property has since been inspected by a disinterested contractor who performed a complete inspection of the property, and it has become apparent both that PLAINTIFFS suffered extensive storm damage and also that DEFENDANT grossly underrepresented the extent of PLAINTIFFS' damages and the cost that it would take to

4

Case 7:16-cv-00661 Document 1-4 Filed in TXSD on 11/18/16 Page 5 of 15

Electronically Filed
7/12/2016 3:27:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3241-16-B

repair the damages. In improperly categorizing PLAINTIFFS' damages as uncovered wear and tear, and then not including the full scope of PLAINTIFFS' covered damages in an estimate of repair costs, DEFENDANT did not perform a reasonable investigation into PLAINTIFFS' claims.

PLAINTIFFS' property sustained damages, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFFS' insurance policy with ALLSTATE. PLAINTIFFS have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to dwell in a damaged property during the pendency of DEFENDANT ALLSTATE's conduct.

## VI. Agency and Respondent Superior

Whenever in this petition it is alleged that the DEFENDANT did any act or omission, it is meant that DEFENDANT itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of DEFENDANT or done in normal routine, course and scope of the agency or employment of DEFENDANT or its agents, officers, servants, employees, or representatives.

## VII. Conditions Precedent

All notices and proofs of loss were timely and properly given to DEFENDANT in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was

Case 7:16-cv-00661 Document 1-4 Filed in TXSD on 11/18/16 Page 6 of 15

Electronically Filed
10/12/2016 3:27:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3241-16-B

sent to ALLSTATE. All of the conditions precedent to bring this suit under the insurance policies have occurred. Despite the fact that all conditions precedent to PLAINTIFFS' recovery has occurred and/or has been performed, ALLSTATE has failed and refused to pay PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations.

### VIII.  Breach of Contract

PLAINTIFFS purchased an insurance policy with ALLSTATE. PLAINTIFFS' property was damaged by windstorm, hailstorm, and/or water damage, of which are covered under the insurance policy. ALLSTATE has denied and/or delayed payment of PLAINTIFFS' covered claim. ALLSTATE has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS' claims for damages. ALLSTATE knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. Had DEFENDANT'S adjuster performed a complete inspection of the damages on PLAINTIFFS' property and included the entirety of the damages on an estimate, ALLSTATE would know the full extent of the damage. DEFENDANT'S conduct in handling its response to PLAINTIFFS' claim was irresponsible, and unconscionable. It was irresponsible and unconscionable to not fully investigate PLAINTIFFS' damages and then completely deny payment on PLAINTIFFS' covered damages. ALLSTATE took advantage of the PLAINTIFFS' lack of sophistication in insurance and construction matters to a grossly unfair degree. ALLSTATE has, by its conduct, breached its contract with the PLAINTIFFS. The conduct of ALLSTATE has proximately caused the injuries and damages to the PLAINTIFFS.  The conduct of ALLSTATE has proximately caused the injuries and damages to the PLAINTIFFS.

Case 7:16-cv-00661 Document 1-4 Filed in TXSD on 11/18/16 Page 7 of 15

Electronically Filed
7/12/2016 3:27:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3241-16-B

### IX.     DTPA Violations

PLAINTIFFS are consumers entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By performing only a precursory inspection of the property and basing its denial of coverage on an inspection that did not include all of PLAINTIFFS' damages, ALLSTATE took advantage of PLAINTIFFS' lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policies, and failed to disclose pertinent information regarding the full extent of damages to the PLAINTIFFS' property.  By its conduct herein and in Section V above, ALLSTATE has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFFS' damages:

(a)     ALLSTATE made false representations about PLAINTIFFS' rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     ALLSTATE's actions constitute an unconscionable course of conduct entitling PLAINTIFFS to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     ALLSTATE failed to disclose information to PLAINTIFFS concerning the nature and extent of their insurance policy which was known by ALLSTATE at the time for the purpose of inducing PLAINTIFFS into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

Case 7:16-cv-00661 Document 1-4 Filed in TXSD on 11/18/16 Page 8 of 15

Electronically Filed
7/12/2016 3:27:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3241-16-B

(d) As described above, ALLSTATE violated Chapter 541, Texas Insurance Code, entitling PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

ALLSTATE' conduct as described herein was a producing cause of damages to PLAINTIFFS for which they sue. The conduct of ALLSTATE was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, ALLSTATE may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFFS seek an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages. The conduct of ALLSTATE has proximately caused the injuries and damages to the PLAINTIFFS.

## X. Unfair Insurance Practices

ALLSTATE failed to inform PLAINTIFFS of material facts such as the true scope of damage and cost to repair. ALLSTATE based their coverage off of an incomplete assessment of PLAINTIFFS' damages and represented to PLAINTIFFS that it covered the full scope of damage to their property. Further, ALLSTATE misrepresented to PLAINTIFFS that the damages were due to prior ongoing wear and tear, which PLAINTIFFS knew to be false as the damages were a result of the March 26, 2015 storm. ALLSTATE failed to properly process claims and have misrepresented material facts to the PLAINTIFFS such as the cause of the damage and coverage. In not including the full extent of damages in estimating the cost of repair, and then subsequently denying PLAINTIFFS claim, ALLSTATE has failed to address all damage to the property and its contents causing further damage to the PLAINTIFFS as

8

Case 7:16-cv-00661 Document 1-4 Filed in TXSD on 11/18/16 Page 9 of 15

Electronically Filed
7/12/2016 3:27:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3241-16-B

ALLSTATE completely disregarded PLAINTIFFS' damages. Further, by its partial inspection, ALLSTATE has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFFS; and has intentionally ignored damages to the dwellings. PLAINTIFFS' property suffered from covered losses and damages of which ALLSTATE is fully aware, as it has since received an estimate based on a complete and thorough inspection from an independent, outside contractor. ALLSTATE has concealed damage known by them to exist by not including all of PLAINTIFFS' damages in its estimate. ALLSTATE has known about covered windstorm, hailstorm and/or water damages but has failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS' pleas for help. ALLSTATE has failed to warn PLAINTIFFS of consequential damage to their property.

By its conduct outlined above, ALLSTATE committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. ALLSTATE committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1) ALLSTATE failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS' claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2) ALLSTATE failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

Case 7:16-cv-00661 Document 1-4 Filed in TXSD on 11/18/16 Page 10 of 15

Electronically Filed
7/12/2016 3:27:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3241-16-B

(3) ALLSTATE refused to pay a claim without conducting a reasonable investigation with respect to the claims (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4) ALLSTATE breached its duty of good faith and fair dealing at common law;

(5) ALLSTATE failed within a reasonable time to affirm or deny coverage of a claim to a policyholders (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6) ALLSTATE failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurers policy (Tex. Ins. Code Ann. 542.003(b)(3); 28 TAC section 21.203(3));

(7) ALLSTATE compelled PLAINTIFFS to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholders (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8) ALLSTATE violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9) ALLSTATE undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10) ALLSTATE made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

Case 7:16-cv-00661 Document 1-4 Filed in TXSD on 11/18/16 Page 11 of 15

Electronically Filed
7/12/2016 3:27:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3241-16-B

    (i)    the terms of the policy; and/or

    (ii)    the benefits or advantages promised by the policy.

(11) ALLSTATE made an untrue statement of material facts (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(12) ALLSTATE failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(13) ALLSTATE made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(14) Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(15) Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

ALLSTATE' conduct as described herein and in Section V above was a producing cause of damages to PLAINTIFFS for which they sue. Pursuant to Texas Insurance Code, Chapter 541.152, PLAINTIFFS are entitled to recover an award not to exceed three times the amount of actual damages due to ALLSTATE' knowing conduct.

### XI. Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFFS' claims were presented to ALLSTATE, liability to pay the claims in accordance with the terms of insurance policies referenced

11

Case 7:16-cv-00661 Document 1-4 Filed in TXSD on 11/18/16 Page 12 of 15

Electronically Filed
7/12/2016 3:27:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3241-16-B

above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay full payment for PLAINTIFFS' claim, ALLSTATE refused to accept the claims in totality and pay the PLAINTIFFS as the policies required. At that time, ALLSTATE knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. ALLSTATE refused to rely on the true facts that PLAINTIFFS' sustained covered storm damages, resorting instead to producing faulty, incomplete and biased reasons to avoid paying valid claims. This constitutes failing to handle or process PLAINTFFS' claims in good faith, an affirmative duty placed on the DEFENDANT, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions and as described herein and in Section V above, ALLSTATE breached its duty to deal fairly and in good faith with the PLAINTIFFS. ALLSTATE'S breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFFS for which they sue.

### XII. Texas Insurance Code 542, Subchapter B Delay in Payment

Following the March 26, 2015 storm, PLAINTIFFS gave prompt notice of claims to ALLSTATE. ALLSTATE has engaged in unfair settlement claims practices as discussed above and denied and/or have delayed payment on PLAINTIFFS' claims. ALLSTATE'S reliance on partial reports and estimates that failed to include all of PLAINTIFFS' damages and the true cost to repair from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable as there were covered losses that were not included. ALLSTATE' investigation and use of adjusters' partial reports was an "outcome oriented investigation" that did not take into account the full scope of

Case 7:16-cv-00661 Document 1-4 Filed in TXSD on 11/18/16 Page 13 of 15

Electronically Filed
7/12/2016 3:27:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3241-16-B

PLAINTIFFS' damages. PLAINTIFFS allege that ALLSTATE has overused their adjusters and disputes the reliability of their investigative findings. ALLSTATE failed to comply with the requirements of Chapter 542 listed herein:

(a) Failing to notify PLAINTIFFS in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b) Failing to pay PLAINTIFFS' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c) Failing to request all of the items, statements and forms the DEFENDANT reasonably believed at the time would be required from PLAINTIFFS to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled to recover from ALLSTATE the statutory penalty of 18% per annum on all amounts due on PLAINTIFFS' claim, together with attorney's fees, for which they sue.

## XIII.

PLAINTIFFS allege that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFFS have substantially complied and/or is excused. In the alternative, PLAINTIFFS makes the allegation of waiver and/or estoppel as to every defense or exclusion plead by ALLSTATE. As to any exclusion, condition, or defense pled by ALLSTATE, PLAINTIFFS would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to

Case 7:16-cv-00661 Document 1-4 Filed in TXSD on 11/18/16 Page 14 of 15

Electronically Filed
7/12/2016 3:27:41 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3241-16-B

fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by ALLSTATE violates section 541 and 542 of the Texas Insurance Code and are void as against public policies;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS' predecessor policy with ALLSTATE. In this regard, PLAINTIFFS would show that his insurance policies were renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policies, the rules of construction of such policy mandate the construction and interpretation urged by PLAINTIFFS. In the alternative, ALLSTATE is judicially, administratively, or equitably estopped from denying PLAINTIFFS' construction of the policy coverage at issue. To the extent that the wording of such policies does not reflect the true intent of all parties thereto, PLAINTIFFS plead the doctrine of mutual mistake requiring reformation.

**C-3241-16-B**

## XVI.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, PLAINTIFFS herein request a jury trial and along with the filing of their Original Petition have tendered to the Clerk of the Court the statutory jury fee.

## XVII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully request this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to PLAINTIFFS such relief as to which they may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANT for actual attorney's fees, cost of suit, mental anguish, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading.

## XVIII. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFFS request that DEFENDANT disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

JOHN SAENZ & ASSOCIATES, P.C.
805 Dallas Ave.
McAllen, Texas 78501
Telephone: (956) 467-0111
Facsimile: (956) 467-1742

\_\_\_\_\_/s/ John Saenz_____
JOHN SAENZ
State Bar# 24038046
ATTORNEY FOR PLAINTIFF

15